I. M. HAINES *et al. v.* J. SLOAN KUYKENDALL, *Trustee, et al.*

(No. 8751)

Submitted October 18, 1938. Decided November 1, 1938.

*H. G. Kump* and *Geo. H. Williams,* for appellants.

Fox, Judge:

The executors of the estate of J. S. Taylor, deceased, complain of a decree against them for $987.84, with interest from May 17, 1934, entered in the circuit court of Hampshire County on the —— day of October, 1937. This decree is based upon an alleged obligation of J. S. Taylor, created by his becoming surety on the bond of J. Sloan Kuykendall, trustee under a general assignment for the benefit of creditors made by C. L. Haines on September 10, 1921.

The decree complained of was entered in a suit instituted sometime in the year 1926, by I. M. Haines, D. W. Rowzee and Wm. A. Iser, asserting a right to share in the estate of Charles L. Haines in the hands of Kuykendall, trustee. The bill filed therein avers the appointment and qualification of Kuykendall as trustee of the Haines estate, and the signing of his bond as such by J. S. Taylor as his surety. The claim against Haines, on which the suit is based, is that the Bank of Romney on May 20, 1926, obtained a judgment for an amount not stated in the bill, but which amount was, presumably, intended to be supplied by an exhibit not appearing in the record. It is alleged that this judgment was rendered on a note of "Charles L. Haines, etc." against Charles L. Haines, Maggie E. Haines, Belle M. Haines, W. A. Iser, I. M. Haines and D. W. Rowzee; that the plaintiffs herein paid the judgment; that the same was assigned to them, and that the same is now payable to them. The relation of the parties to the note sued on is not alleged in the bill and does not otherwise appear in the record. It may be that Charles L. Haines was the principal in said note, and the plaintiffs' surety thereon, in which event a claim of subrogation to the rights of the Bank against Charles L. Haines would, under ordinary circumstances, arise, but, as stated above, this relationship was not alleged. It would appear, therefore, that the bill is fatally defective in failing to state a cause of action against Charles L. Haines, and without that

showing, plaintiffs had no grounds on which they could demand the accounting prayed for.

Nor does the bill allege anything against J. S. Taylor, except that he became the surety on the bond of Kuykendall; no grounds for relief against him are alleged, nor is any such relief asked for in the prayer. The relief prayed for is a settlement of the accounts of Kuykendall as assignee. There is a prayer for general relief, but the relief which may be granted under such a prayer is circumscribed by the allegations of the bill. Courts are not permitted, under a prayer for general relief, to go outside of the bill in an attempt to settle questions and rights as to which the bill is silent. The amended bill filed in 1929 does nothing more than bring into the suit the personal representations of deceased parties, including the executors of J. S. Taylor and the administrators of Kuykendall. Nothing is alleged against the Taylor executors. In the prayer a settlement of the Kuykendall accounts as trustee is sought, and it is asked that the persons liable for any amount found to be due on such settlement and accounting be required to pay the same to such person and in such manner as the court might direct.

Furthermore, the liability of Kuykendall, trustee, and the consequent eventual liability of the Taylor estate is not established by the record. The Kuykendall accounts as trustee were laid before a commissioner of accounts in 1925. A writing was prepared by the commissioner, having the form of a report, and in which the liability of Kuykendall was fixed at $641.04 as of May 1, 1925, but this report, if it can be so termed, was not signed, was never submitted to the county court for confirmation, and therefore does not possess the force of evidence, particularly in view of the fact that both Kuykendall and Taylor were dead at the time of the report of the commissioner in chancery hereinafter referred to. It is on this paper that the report of the commissioner in chancery to whom the cause was referred in 1934, and the decree of the trial court are based. Before a surety can

be held liable on his undertaking, the person who would enforce that liability must first establish the liability of the principal, and the amount thereof, as of the date when a judgment on decree against the surety is demanded. In this respect the plaintiffs have failed to carry the burden of proof which the law imposes upon them.

The decree complained of is reversed, and the cause remanded.

*Reversed; remanded.*